IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DIAMOND GLASS, INC., *et al.*,[1] | ) Case No. 08-10601 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Ref. Docket No.: 28** |

## FILING OF STATUS CHART RELATING TO SALE AND CURE OBJECTIONS

Attached hereto as Exhibit 1 is the status chart prepared by the above-captioned debtors and debtors-in-possession (together, the "Debtors") relating to sale and cure objections to the Debtors' *Motion for Entry of an Order Pursuant to 11 U.S.C. Sections 105(a), 363 and 365 and Federal Bankruptcy Rules 2002, 6004, 6006 and 9014, (A) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtors Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of App Liens, Claims, Interests and Encumbrances; (C) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases; and (D) Granting Related Relief* which is scheduled to be heard by the Court on June 20, 2008 at 1:00 p.m. (ET).

Dated: Wilmington, Delaware
    June 20, 2008

| | |
|---|---|
| Michael P. Richman<br>Mark A. Salzberg<br>Erica L. Morabito<br>FOLEY & LARDNER LLP<br>90 Park Avenue<br>New York, NY 10005<br>(212) 682-7474 (Telephone)<br><br>*Attorneys for the Debtors and Debtors in Possession* | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>Michael R. Nestor (No. 3526)<br>Joseph M. Barry (No. 4221)<br>Donald J. Bowman, Jr. (No. 4383)<br>The Brandywine Building<br>1000 West Street, 17th Floor, P.O. Box 391<br>Wilmington, Delaware 19899-0391<br>Telephone: (302) 571-6758<br><br>*Attorneys for the Debtors and Debtors in Possession* |

---

[1] The Debtors in these proceedings are: Diamond Glass, Inc. (Tax ID No. XX-XXX8853); and DT Subsidiary Corp., a wholly owned subsidiary of Diamond Glass (Tax ID No. XX-XXX3494), each with a mailing address of 220 Division Street, Kingston, PA 18704. Diamond Glass, Inc. is formerly known as Diamond Glass Companies, Inc. and Diamond Triumph Auto Glass, Inc.

Exhibit 1

Status of Resolutions of Objections to Debtors' Sale Motion and Cure Balance Notices
In re Diamond Glass, Inc., et al. – Case No. 08-10601 (CSS)

| OBJECTION | STATUS/COMMENTS |
|---|---|
| *Objection of Automotive Components Holdings, LLC* [Docket No. 286]<br><br>ACH objects on the following grounds:<br><br>ACH objects to the Sale Motion on the grounds that it seeks an order from the Court authorizing the sale of the Debtors' assets free and clear of interest under Bankruptcy Code section 363(f), including ACH's alleged first priority setoff rights with respect to the prepetition account owed by ACH to Diamond Glass, without providing ACH with adequate protection for its setoff rights. | This objection has been resolved and a proposed form of order was submitted under certification of counsel on June 20, 2008 [Docket No. 334] |
| *Objection of Local Taxing Authorities* [Docket No. 294]<br><br>The Taxing Authorities object on the following grounds:<br><br>The Taxing Authorities have filed secured claims for unpaid 2008 ad valorem property taxes. The Tax Authorities' claims, totaling approximately $6,000.00, are secured by first priority liens on the Debtors' personal property. The Debtors propose to sell all of their property free and clear of all liens, claims and encumbrances, including the liens of the Tax Authorities. It is unclear how the senior liens of the Tax Authorities are to be treated upon the sale of the property. Ordinarily, such liens might attach to sale proceeds, however, in this case, there appears to be a likelihood that the purchase may be through a credit bid.<br><br>a) Merely providing that the tax liens attach to the sale proceeds does | This objection will be withdrawn by the Local Taxing Authorities. |

DB02:6910038.2     066831.1001

Exhibit 1

| OBJECTION | STATUS/COMMENTS |
|---|---|
| not adequately protect the liens and claims of the Taxing Authorities as required by 11 U.S.C. § 363(e). The claims of the Taxing Authorities should be paid directly from the sale proceeds at closing. Unless and until their claims are paid in full, the Taxing Authorities object to the use of their cash collateral by the Debtors for any purpose, and especially to the use of their cash collateral to pay the claims of junior lienholders.<br><br>b) In the event of a credit bid, the Taxing Authorities object to their collateral being transferred free and clear of their liens. A credit bid by a junior lienholder is similar to a foreclosure, and, like a foreclosure, should not wipe out senior liens. The sale of their collateral cannot be approved without providing adequate protection for the Taxing Authorities' liens and claims. Unless the credit bid purchaser agrees to take the property subject to the tax liens and assume responsibility for paying the taxes, the Taxing Authorities' liens and claims are not adequately protected and a credit bid should not be approved. | |
| *Objection of PPG Industries, Inc. and PPG Auto Glass, LLC* [Docket No. 285]<br><br>PPG Industries, Inc. and PPG Auto Glass, LLC object on the following grounds:<br><br>1) Debtors served PPG with four cure notices. PPG is filing the Objection to correct the names of the parties and to provide the correct allocation of the cure cost with respect to one of the cure notices. | Resolved.<br><br>The Debtors are agreeable to change the party names and the cure cost allocation as follows (which PPG proposed in its Limited Response to Notice of Cure Amounts for Possible Assumption, Sale, and Assignment of Certain Unexpired Leases and Executory Contracts):<br><br>PPG Industries, Inc., cure cost of $135,705.02<br><br>PPG Auto Glass, LLC, cure cost of $116,418.60 |

2

DB02:6910038.2  066831.1001

Exhibit 1

| OBJECTION | STATUS/COMMENTS |
|---|---|
| *Informal Objection of CRP-2 Milliken, LLC* <br><br> CRP-2 Milliken, LLC objects to the zero balance cure amount. | This objection has been resolved and a stipulation will be presented at the hearing. |
| *Sprint Nextel Corporation d/b/a Sprint* [Docket No. 329] <br><br> Sprint Nextel objects to stated cure amount. | This objection has been resolved and a stipulation will be presented at the hearing. |
| *Objection of D.L. Peterson Trust* [Docket No. 288] <br><br> DLPT objects on the following grounds: <br><br> 1) The Debtors are proposing to assume and assign a lease agreement between the Debtors and DLPT. The cure notice listed a $0.00 cure amount. Although DLPT agrees that, as of this date, there are no past-due amounts owing in connection with the Lease, DLPT submits that monthly lease payments and other applicable charges accrue and become due as a matter of ordinary course under the Lease and that the date of assignment of the Lease may straddle a time period for which a payment later may become due thereunder, although such payment would not be considered past due, or a default giving rise to a cure claim as contemplated by section 365 of the Bankruptcy Code. <br><br> 2) In addition, there are likely claims, causes of action or other matters that have accrued (of which DLPT may be unaware) or which hereafter may accrue prior to assignment (and of which DLPT will not be aware) which will or may be asserted after assignment against DLPT as the owner of the vehicles subject to the Lease. DLPT submits that such claims, causes of action or other matters, which have not yet become due, or in respect of which the lessee under the lease has not yet breached its obligation to DLPT are not defaults subject to cure under section 365; and accordingly, subsequent to | This matter has been resolved in principle through language to be included in the sale order. |

DB02:6910038.2     066831.1001

Exhibit 1

| OBJECTION | STATUS/COMMENTS |
|---|---|
| assignment of the Lease, any such claims, causes of action or other matters will be the responsibility of the assignee of the Lease. | |
| *Objection of Connecticut General Life Insurance Company* [Docket No. 287]<br><br>CGLIC objects on the following grounds:<br><br>1) The Debtors and CGLIC are parties to an Administrative Services Only Agreement and a Stop-Loss Policy (jointly, the "Agreements"). CGLIC was served with two different cure notices. One cure notice appeared to list a $0.00 cure amount for a contract with Cigna Healthcare with the description of "Healthcare." The other cure notice referred to a contract with CGLIC with the description "Stop-Loss Coverage and Administrative Services" and listed a proposed cure amount of $0.00. Although it appeared that the Debtors intend to assume and assign one or both of the Agreements, the cure notice failed to specifically identify either of the agreements. Furthermore, it appeared that the Debtors have identified three contracts where there are only two contracts. As such, CGLIC cannot determine which of the Agreements is proposed to be assumed and assigned.<br><br>2) CGLIC objects to any assumption of the Agreements absent payment to CGLIC of all accrued and unpaid amounts due under the Agreements, plus all amounts necessary to process and pay all eligible healthcare claims incurred by eligible employees and their eligible dependents that have not been submitted, processed and paid as of the effective date of any proposed assumption and assignment. | This matter has been resolved in principle through language to be included in the sale order. |
| *Objection of Oracle USA, Inc.* [Docket No. 289] | The identity of the contract Diamond Glass wishes to assume is the *Software License, Services and Maintenance Agreement*, as amended |

DB02:6910038.2

066831.1001

Exhibit 1

| OBJECTION | STATUS/COMMENTS |
|---|---|
| Oracle USA, Inc. objects on the following grounds:<br><br>1) The Debtors may not assume and assign the Oracle Agreement(s) as they pertain to licenses of intellectual property and Oracle does not consent to the proposed assignment.<br><br>2) The motion should be denied with respect to the Oracle Agreement(s) because it fails to confirm the ultimate buyer/potential assignee's identity, or to satisfy other statutory or contractual prerequisites.<br><br>3) The motion should be denied with respect to the Oracle Agreement(s) because it fails to adequately describe the contracts to be assumed and assigned and Oracle is unable to determine the accuracy of the stated cure amounts. | thereto.<br><br>The parties are in discussions and the Debtors are hopeful that this matter will be resolved prior to the hearing. |
| *Objection of David A. Nelson* [Docket No. 291]<br><br>Nelson objects on the following grounds:<br><br>Nelson does not want the lease to be assumed and assigned without his approval pursuant to Section XI of the Lease Agreement. He does not object if it continues to be used for a glass business but there are numerous other enterprises which he would strongly object to. | The objection should be overruled on the following grounds:<br><br>1) Section 365(f) allows assignment of an unexpired lease notwithstanding any provision that prohibits, restricts, or conditions the assignment of the lease. Accordingly, Section XI of the Lease is unenforceable. *See In re ANC Rental Corp., Inc.*, 278 B.R. 714, 723 n.9 (Bankr. D. Del. 2002) (the mere fact that the an executory contract requires consent of non-debtor party to any assignment is irrelevant "since such a provision is of no effect under section 365(f)(1).").<br><br>2) Even if Section XI was enforceable, Section XI provides that the restrictions on assignment do not apply to an assignment in accordance with the sale of substantially all of the Debtor's assets. |

DB02:6910038.2

5

066831.1001