IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DG LIQUIDATION CORP., *et al.*,[1] | ) | |
| | ) | Case No. 08-10601 (CSS) |
| | ) | |
| Debtors. | ) | Re: Docket Nos. 489, 518, 534 & 544 |

**Hearing Date: October 7, 2008, 2008, at 3:00 p.m. (ET)**
**Objection Deadline: September 30, 2008, at 4:00 p.m. (ET)**

### RESPONSE OF BELRON US INC. TO MOTION OF RICHARD RUTTA AND KENNETH LEVINE PARTNERSHIP TO CONTINUE HEARING ON ASSUMPTION AND ASSIGNMENT

Belron US Inc. ("Belron") hereby responds to the Motion of Richard Rutta & Kenneth Levine Real Estate Partnership to Continue Hearing on Assumption and Assignment of Two Leases of Non-Residential Real Property (the "Motion," Docket No. 544). In support of its Response, Belron respectfully states and represents as follows:

1. The Motion is premised on the erroneous claim that Belron did not agree to the requested adjournment of the hearing (the "Hearing") on the Debtors' First Omnibus Motion for Order Authorizing Assumption and Assignment of Certain Unexpired Leases of Nonresidential Real Property Pursuant to Section 365 of The Bankruptcy Code (the "Assignment Motion," Docket No. 489), and the Limited Objection (the "Objection," Docket No. 518) to the Assignment Motion filed by the Richard Rutta & Kenneth Levine Real Estate Partnership (the "Levine Partnership"), so as to prevent the Levine Partnership's principal, Kenneth Levine, from testifying at the Hearing. That is absolutely not so.

---

[1]    The Debtors in these proceedings are: DG Liquidation Corp., f/k/a Diamond Glass, Inc. (Tax ID No. XX-XXX8853); and DT Subsidiary Corporation, a wholly owned subsidiary of DG Liquidation Corp. (Tax ID No. XX-XXX3494), each with a mailing address of 220 Division Street, Kingston, PA 18704.

2.  As Belron's counsel explained to counsel for the Levine Partnership, Belron has no objection to scheduling an evidentiary hearing on a mutually convenient date, *should this Court determine that an evidentiary hearing is necessary.* However, as Belron's counsel explained to the Levine Partnership's counsel, there is no need for an evidentiary hearing in this Court because, as is detailed in Belron's Reply to the Objection (Docket No. 534), the relief sought by the Levine Partnership in its Objection can only be obtained in an adversary proceeding and, in any case, is most properly pursued in Pennsylvania state court, post-assignment. Notably, nothing in the Assignment Motion purports to preclude the Levine Partnership from pursuing whatever rights it claims to have in an appropriate forum. To the extent that the Levine Partnership is able to make a persuasive argument to the contrary, Belron would be happy to negotiate a provision in the proposed order on the Assignment Motion to the effect that the assignment is without prejudice to either party's rights or positions respecting the dispute over the scope of the leased premises.

3.  As Belron's counsel also made clear to the Levine Partnership's counsel, if this Court were to determine that the relief sought in the Objection can be pursued in this Court without the need for commencement of an adversary proceeding, then the dispute would be a contested matter requiring discovery and an evidentiary hearing at a later date. Thus, as Belron's counsel explained to counsel for the Levine Partnership, the Hearing should go forward as scheduled so that either (a) the Assignment Motion can be granted (if the Court agrees with Belron's and the Debtors' position concerning the justiciability of the relief sought in the Objection) or (b) a discovery schedule and evidentiary hearing date can be set (if the Court disagrees with Belron's and the Debtors' position).

4. Since the *only* reason proffered by the Levine Partnership for the requested adjournment was the claimed need to have Mr. Levine present to testify at the Hearing, Belron quite appropriately declined to agree to the request. There was no lack of professional courtesy, as the Levine Partnership's counsel did not ask for an adjournment based on counsel's own scheduling difficulties or any other professional conflict. Obviously, Belron would not have opposed an adjournment based on counsel's own scheduling difficulties, but that was not the reason given for the request.

5. Nor is the scheduled mediation an issue or in any way relevant. The mediation has to do with Mr. Levine's attempts to compete unfairly with the business purchased by Belron and his solicitation of former Diamond (and now Belron) employees. It has nothing to do with the issues raised in the Objection and, in fact, the mediation was scheduled well before the Objection was even filed. Notably, the Objection was actually the first time that Mr. Levine ever even raised the claims set forth in the Objection. Thus, if any party is engaging in "tactical" behavior, it is Mr. Levine, not Belron.

6. In any case, to be clear, Belron's objection to adjourning the Hearing was based on the reason given for the adjournment request—the claimed need to have Mr. Levine present to testify. If counsel for the Levine Partnership had needed an adjournment for his own personal or professional reasons, Belron would have consented. However, since Mr. Levine's

schedule is the only reason that has been given by the Levine Partnership for the proposed adjournment, Belron opposes the Motion and respectfully requests that it be denied.

Dated: October 6, 2008

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
Michael R. Seidl (Bar No. 3889)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
mseidl@pszjlaw.com

and

PROSKAUER ROSE LLP
Jeffrey W. Levitan
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
E-mail: jlevitan@proskauer.com

Co-counsel for Belron International Limited and
Belron US Inc.